■ DEBRA MARINO, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [708 NYS2d 456] —In an action, *inter alia,* for a judgment declaring that the defendant is obligated to defend and indemnify Paul Anderson and Scott Anderson in an underlying action entitled *Marino v Anderson,* pending in the Civil Court, Kings County, under Index No. 5594/97, the plaintiff appeals from an order of the Supreme Court, Kings County (Garson, J.), dated May 26, 1999, which granted the defendant's motion to dismiss the complaint and denied her cross motion for summary judgment on the complaint.

Ordered that the order is affirmed, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify Paul Anderson and Scott Anderson in the underlying action.

An altercation ensued between members of the plaintiff's family and people attending a party at a neighboring home. The plaintiff was attacked and assaulted by one of the attendees of the party and sustained injuries as a result of the attack. The host of the party, Paul Anderson, rented the house from his parents, who were the owners of the premises. Paul Anderson resided at the house with two other men.

The plaintiff commenced an action against Paul Anderson, his brother Scott Anderson, and their parents, Robert and Joyce Anderson, to recover damages for her injuries. Robert Anderson was the named insured under an insurance policy issued by the defendant, Allstate Insurance Company (hereinafter Allstate), for the premises he owned and rented to Paul Anderson. Allstate denied coverage to Paul Anderson and refused to defend him in the action. A judgment was entered against Paul Anderson upon his failure to appear in the action. Subsequently, the plaintiff commenced the instant action against Allstate seeking a declaration that Allstate had a duty to defend and indemnify Paul Anderson and Scott Anderson in the underlying action.

Under the terms of the insurance policy, Allstate agreed to provide coverage, *inter alia*, for an "insured person" under the policy. Pursuant to the policy, in addition to the individual named on the declarations page, an "insured person" also includes an employee of the insured, while acting within the scope of that employment, and any person while acting as the insured's real estate manager of the insured premises. Neither Paul Anderson nor Scott Anderson was an employee of their parents or a real estate manager of the premises. Since there was no coverage, the court properly found in favor of Allstate.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendant rather than dismissal of the complaint (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Santucci, J. P., Altman, Krausman and Feuerstein, JJ., concur.